IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ARKANSAS CENTER FOR PHYSICAL
MEDICINE AND REHABILITATION                                              PLAINTIFF

4:19-CV-0004-BRW

CHEROKEE INSURANCE COMPANY                                               DEFENDANT

## ORDER

A question of subject-matter jurisdiction may be raised *sua sponte* at any time.[1] Federal court diversity jurisdiction requires an amount in dispute over $75,000 and all the parties on one side of the controversy must be citizens of different states from all of the parties on the other side.[2]

Plaintiff's Complaint asserts that Defendant violated an Arkansas medical lien statute when it settled a claim without satisfying Plaintiff's outstanding lien. The lien was $3,582.11 at the time of settlement, but $670 when this case was filed. Plaintiff also seeks $70,000 for "compensatory and punitive damages" and attorneys' fees.

First, I am dubious that the allegations rise to the level of punitive damages. Second, punitive damages of $70,000 on a $670 claim would be excessive under any standard.[3] Finally, no reasonable attorneys' fees could make up the difference to the $75,000 minimum. Accordingly, I find to a legal certainty that Plaintiff's claims do not satisfy the amount-in-controversy requirement.[4] The Clerk of the Court is directed to immediately REMAND this CASE to Circuit Court of Pulaski, County, Arkansas.

IT IS SO ORDERED this 15th day of July, 2019.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE

---

[1] *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993).

[2] 28 U.S.C. § 1332; *Indianapolis v. Chase National Bank*, 314 U.S. 63, 70 (1941).

[3] *Dziadek v. Charter Oak Fire Ins. Co.*, 867 F.3d 1003, 1013 (8th Cir. 2017) (citing cases with punitive to compensatory ratios varying from 4 to 1 up to 8 to 1 – when there was "repeated trickery and deceit").

[4] *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994).